733 So.2d 674 (1999)
STATE of Louisiana
v.
Shawn S. PIERRE.
No. 98-KA-1123.
Court of Appeal of Louisiana, Fifth Circuit.
April 14, 1999.
*675 Margaret S. Sollars, Louisiana Appellate Project, Thibodaux, Louisiana, Attorney for Appellant, Shawn S. Pierre.
Paul D. Connick, Jr., District Attorney, Alison Wallis, Allison Monahan, Assistant District Attorneys, Twenty-Fourth Judicial District Court, Gretna, Louisiana, Attorneys for Appellee, State of Louisiana.
Panel composed of Judges CHARLES GRISBAUM, Jr., JAMES L. CANNELLA and SUSAN M. CHEHARDY.
CHEHARDY, Judge.
On January 20, 1998, the Jefferson Parish District Attorney filed a bill of information charging defendant, Shawn S. Pierre, with two counts of aggravated burglary, in violation of La. R.S. 14:60. At his arraignment on March 13, 1998, defendant plead not guilty. A judge trial was held on July 21, 1998. Upon conclusion of trial, the trial court found defendant guilty as charged on both counts. On July 31, 1998, the trial court sentenced defendant to ten years at hard labor on each count to be served concurrent with each other and concurrent with a sentence defendant was already serving. This appeal followed.
This case arises out of an altercation between defendant, Shawn Pierre, and his ex-girlfriend, Wanda Smith. In the early morning hours of December 26, 1997, Wanda Smith and Alfred Frederick were in Ms. Smith's apartment when defendant began knocking on the front door. Ms. Smith knew that defendant would be upset if he encountered Mr. Frederick in her apartment, and she did not open the door. However, defendant eventually kicked in her door and discovered Mr. Frederick, and commenced a fight with Mr. Frederick. Defendant then went into the kitchen, apparently to arm himself with a knife. While defendant was in the kitchen, Ms. Smith and Mr. Frederick fled the apartment. Ms. Smith ran next door to the apartment of her friend, Wanda Williams.
Defendant chased Ms. Smith into Ms. Williams' apartment while armed with the knife. Ms. Williams and her brother, who also lived there, attempted to keep defendant from entering, but defendant forced his way in. Once inside the apartment, defendant began to beat Ms. Smith. Ms. Williams' brother attempted to stop defendant from beating Ms. Smith, but retreated when defendant threatened him with the knife. Defendant continued to severely beat and kick Ms. Smith for several minutes, until he grew tired and left. During the encounter, several calls to 911 were placed, and upon arrival, the police arrested defendant at the scene.
At the conclusion of the July 21, 1998 trial, the trial court made the following remarks on the record:
It's apparent to the Court that the only witness who was not uncomfortable about testifying was Wanda Williams. *676 The other three witnesses were, at best, reluctant witnesses.[1]
The Court's also satisfied that the entries into ... apartment 229 belonging to Wanda Smith and 228 belonging to Wanda Williams were unauthorized. The evidence both direct and circumstantial indicates that when the defendant entered Wanda Smith's apartment, apartment 229, he committed a battery upon Alfred Frederick and at some point in time, armed himself while he was in that apartment.
When he entered the second apartment, apartment 228 belonging to Wanda Williams, he came in armed, which was testified to by two witnesses and he committed a severe battery upon Wanda Smith. It's apparent from the battery that he inflicted upon Wanda Smith, that that was his intention when he broke down the door of apartment 229.
The Court finds the defendant guilty on both counts.
In defendant's first assignment of error, he argues that the verdict was contrary to the law and evidence; making essentially an insufficiency of evidence claim. The constitutional standard for testing the sufficiency of evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986).
The crime of aggravated burglary is defined in La. R.S. 14:60, which provides in pertinent part:
Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
(1) Is armed with a dangerous weapon; or
(2) After entering arms himself with a dangerous weapon; or
(3) Commits a battery upon any person while in such place, or in entering or leaving such place.
In the present case, defendant admits that he entered both apartments without authorization. Therefore, the issue is whether the state put on sufficient evidence to support a finding that the remaining two elements of aggravated burglary were met. The second element to be proven by the state under La. R.S. 14:60 is that the offender had the intent to commit a felony or theft at the time of the unauthorized entry. State v. Ortiz, 96-1609 (La.10/21/97), 701 So.2d 922, cert. denied, ___ U.S. ___, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998); State v. Lockhart, 438 So.2d 1089 (La.1983). In Lockhart, the Louisiana Supreme Court held that the state must prove intent as a distinct element of the crime of aggravated burglary, and further noted that the intent required is specific intent.
Specific criminal intent exists when the defendant "actively desired the prescribed criminal consequences to follow his act...." La. R.S. 14:10; State v. Page, 96-227 (La.App. 5 Cir.8/28/96), 680 So.2d 104, writ denied, 96-2543 (La.9/19/97), 701 So.2d 153. Specific intent is a state of mind and, as such, need not be proven as a fact, but may be inferred from the circumstances and actions of the accused. State v. Graham, 420 So.2d 1126 (La.1982). The determination of whether the requisite intent is present in a criminal case is for the trier of fact, and a review of the correctness of this determination is to be guided by the Jackson standard. State v. Huizar, 414 So.2d 741 (La.1982).
*677 In the present case, as there was no evidence presented that defendant intended to commit a theft in either apartment, the issue is whether the state put on sufficient evidence to support a finding that defendant intended to commit a felony when he entered the apartments. At trial, Mr. Frederick testified that upon kicking in the door to Ms. Smith's apartment, defendant punched Mr. Frederick while searching for Ms. Smith. Defendant then went into the kitchen and Ms. Smith ran to Ms. Williams' apartment. Defendant forced his way into Ms. Williams' apartment while armed with a knife, and thereafter severely beat Ms. Smith. Although the beating did not occur in Ms. Smith's apartment, it is clear from the record that the trial court found that, based on the severity of the beating, defendant intended to beat Ms. Smith when he entered her apartment.
In finding defendant guilty on both counts, it is apparent that the trial court found that defendant intended to commit a second degree battery, a felony, on Ms. Smith when he entered her apartment, and did, in fact, commit a second degree battery when he caught her in Ms. Williams' apartment. Second degree battery is defined in La. R.S. 14:34.1, which states in part that:
Second degree battery is a battery committed without the consent of the victim when the offender intentionally inflicts serious bodily injury.
For purposes of this article, serious bodily injury means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death.
In the present case, there is no question that defendant committed a second degree battery upon Ms. Smith. The witnesses testified that defendant punched Ms. Smith, knocked her to the ground and kicked her for several minutes, until he grew tired and left. Ms. Williams testified that the day after the beating, Ms. Smith's eye was swollen shut. Viewing the evidence in the light most favorable to the prosecution, based on the force defendant used to enter both apartments and the severity of the beating he inflicted upon Ms. Smith once he caught her, we find that the trial court was presented with sufficient evidence at trial that defendant had the specific intent to commit a felony when entering both Ms. Smith's apartment and Ms. Williams' apartment. See State v. Accardo, 466 So.2d 549 (La.App. 5 Cir. 1985), writ denied, 468 So.2d 1204 (La. 1985).
The final element of aggravated burglary pursuant to La. R.S. 14:60 is that the offender: (1) is armed with a dangerous weapon, (2) after entering arms himself with a dangerous weapon, or (3) commits a battery upon any person while in such place, or in entering or leaving such place. In this case, there was testimony at trial that defendant armed himself with a knife while in Ms. Smith's apartment. While no witness testified that they saw defendant grab a knife from Ms. Smith's kitchen, the testimony was undisputed that when defendant kicked in Ms. Smith's door and encountered Mr. Frederick, he was not holding a knife. However, after fighting with Mr. Frederick, defendant went into Ms. Smith's kitchen and Mr. Frederick and Ms. Smith fled her apartment. When defendant forced his way into Ms. Williams' apartment seconds later, he was armed with a knife. The same knife was found on the kitchen counter in Ms. Smith's apartment after defendant was arrested. Viewing the evidence in the light most favorable to the prosecution, we find that the trial court was presented with sufficient evidence at trial to support a finding that defendant either had the knife when he broke into Ms. Smith's apartment or armed himself with the knife while in that apartment.
Moreover, affirming defendant's conviction on the first count of aggravated burglary *678 in this case does not rest solely on defendant arming himself in Ms. Smith's apartment.[2] Mr. Frederick and Ms. Smith both testified that defendant attacked Mr. Frederick while in Ms. Smith's apartment. The trial court found that defendant committed a battery on Mr. Frederick while in Ms. Smith's apartment. Viewing the evidence in the light most favorable to the prosecution, even if the evidence was not sufficient to support a finding that defendant armed himself with a dangerous weapon while in Ms. Smith's apartment, there was sufficient evidence presented at trial to support a finding that defendant committed a battery on Mr. Frederick while in Ms. Smith's apartment, thereby satisfying the final element of aggravated burglary for that count.
Based on the foregoing, after a thorough review of the record, we find that defendant's conviction of two counts of aggravated burglary is based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt.
In defendant's second assignment of error, he claims that the sentence imposed by the trial court was excessive. The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739 (La. 1992). Once imposed, a sentence will not be set aside absent manifest abuse of the trial court's wide discretion to sentence within statutory limits. State v. Carter, 96-358 (La.App. 5 Cir.11/26/96), 685 So.2d 346. For a conviction of aggravated burglary, a defendant may be sentenced to hard labor from one to thirty years. La. R.S. 14:60.
Upon review, there is ample evidence in the record before us to support a finding that defendant's sentence is not constitutionally excessive. The record contains a copy of defendant's criminal history, which reflects prior convictions for unauthorized entry of an inhabited dwelling and simple battery. In addition to defendant's criminal past, the circumstances of defendant's crime support a finding that defendant's sentence was not excessive. In this case, defendant kicked in Ms. Smith's door in order to beat her. Defendant also armed himself with a knife, forced his way into a neighbor's apartment, and used the knife to hold attempted rescuers at bay so that he could continue to beat and kick Ms. Smith, an attack which lasted several minutes. Pursuant to the statutory range within the trial court's discretion, defendant could have received a sentence of thirty years, three times what he received. Accordingly, we find that defendant's ten year sentence on each conviction of aggravated burglary, to run concurrently with each other and with a sentence defendant is already serving, is not constitutionally excessive.
Finally, pursuant to La.C.Cr.P. art. 920, the record was reviewed for errors patent. Article I, § 17 of the Louisiana Constitution provides that in a case in which the punishment is necessarily confinement at hard labor, as is this one, the defendant shall be tried before a jury of twelve. La.C.Cr.P. art. 780 requires that a defendant be advised of his right to a jury trial, and further provides that a defendant, once he has been so informed, may "knowingly and intelligently" waive his right to a trial by jury. Waiver of the right to a trial by jury is never presumed. State v. McCarroll, 337 So.2d 475 (La. 1976).
Where no valid jury waiver is found in the record, Louisiana appellate *679 courts have traditionally set aside the defendant's conviction and remanded for a new trial. State v. Williams, 404 So.2d 954 (La.1981); State v. Miller, 517 So.2d 1113 (La.App. 5 Cir.1987), writ denied, 523 So.2d 1335 (La.1988). However, in more recent decisions, the preferred procedure is to remand the case to the trial court for an evidentiary hearing on the issue of whether a valid jury waiver was obtained. State v. Nanlal, 97-0786 (La.9/26/97), 701 So.2d 963; State v. Stoltz, 98-235 (La.App. 5 Cir.8/25/98), 717 So.2d 1243; State v. James, 94-720 (La.App. 5 Cir.5/30/95), 656 So.2d 746, State v. Brual, 98-657 (La.App. 5 Cir.1/26/99), 726 So.2d 1112.
In the instant case, the only evidence of a jury waiver in the record is a statement by defense counsel just prior to opening statements at trial that "we're going to waive the jury, Your Honor." We find that this statement by defense counsel, on its own, is not a valid waiver of defendant's constitutional right to a trial by jury. We will therefore remand this case to the trial court for an evidentiary hearing on the question of whether defendant validly waived his right to a jury trial through counsel in open court and in defendant's presence before trial. If the evidence shows that defendant did not make a valid waiver of his right to a jury trial, the trial court must set aside his conviction and sentence and grant him a new trial. Defendant may appeal from any adverse ruling on the waiver issue. See State v. Nanlal, supra, 701 So.2d at 963, and the cases cited therein.
Additionally, pursuant to La.C.Cr.P. art. 930.8 C, at the time of sentencing, the trial court must inform the defendant of the prescriptive period for post conviction relief. In the present case, the trial court failed to so inform defendant. Accordingly, if the trial court finds after the evidentiary hearing that defendant validly waived his right to a trial by jury, we order the trial court to inform defendant of the provisions of La.C.Cr.P. art. 930.8 C by sending appropriate written notice to defendant within ten days of the finding of a valid jury trial waiver and to file written proof that defendant received the notice in the record of these proceedings. State v. Kershaw, 94-141 (La.App. 5 Cir.9/14/94), 643 So.2d 1289.
For the foregoing reasons, we conditionally affirm defendant's conviction and sentence on the two counts of violating La. R.S. 14:60, aggravated burglary. The matter is remanded to the trial court for an evidentiary hearing on the issue of whether defendant validly waived his right to a trial by jury. If the trial court finds that a jury trial was validly waived, the trial court is ordered to inform defendant of the provisions of La.C.Cr.P. art. 930.8 C by sending appropriate written notice to the defendant within ten days of the finding of a valid jury trial waiver and to file written proof that defendant received the notice in the record of these proceedings.
CONVICTION AND SENTENCE CONDITIONALLY AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] There was testimony at trial that Ms. Smith and defendant had apparently reconciled and that, despite what happened to her, Ms. Smith no longer wanted to pursue criminal charges against defendant.
[2] Clearly, there was ample evidence to show that defendant was armed when he entered Ms. Williams' apartment, which suffices to prove the third element of armed robbery for the second count.