929 So.2d 1219 (2006)
STATE of Louisiana
v.
Jack S. SPEARS.
No. 2005-K-0964.
Supreme Court of Louisiana.
April 4, 2006.
Rehearing Denied June 23, 2006.
*1221 Charles C. Foti, Jr., Attorney General, Robert W. Levy, District Attorney, Pamela Anne Stewart, Assistant District Attorney, for applicant.
Culpepper & Carroll, Bobby L. Culpepper, Theresa Culpepper Carroll, for respondent.
TRAYLOR, Justice.
We granted this writ application to determine whether the court of appeal erred in finding that the evidence at trial was insufficient to sustain the verdict of guilty. For the reasons which follow, we reverse the ruling of the court of appeal.

FACTS and PROCEDURAL HISTORY
In 1999, Karen Walker Kirkham and Richard Joe Kirkham, Jr., were engaged in a chicken raising operation in Choudrant, Louisiana. Late that year, the Kirkhams decided to expand their operation. To that end, Mr. Kirkham contracted with defendant Jack S. Spears, doing business as Spears Construction Company, Inc.,[1] to build two turnkey chicken houses for the price of $196,000. The Kirkhams obtained a mortgage to finance the construction. The contract specified that payment would be made in five draws, each draw being based upon the completion of a certain stage of construction.
As the construction progressed, the first three draws, totaling $147,000, were paid without difficulty. Problems arose with the payment of the fourth draw of $29,000, which was to be paid upon delivery of *1222 certain required equipment. Defendant delivered some, but not all, of the required equipment, but demanded payment, nonetheless. After first refusing to authorize the draw because all of the equipment was not present, the Kirkham's finally agreed to authorize the draw in mid-April, because Spears walked off the job. Spears returned to the job, but by the end of April, construction on the chicken houses had ceased.
Defendant was arrested for the crime of Misapplication of Payments, a violation of La. R.S. 14:202, on May 19, 2000. A jury unanimously convicted defendant of the charge on October 30, 2003. The trial court denied motions for post-verdict judgment of acquittal, in arrest of judgment, and for new trial. Defendant appealed. The court of appeal found that the evidence was insufficient to support the conviction and reversed, ordering that defendant be acquitted.[2] This appeal followed.[3]

DISCUSSION
When reviewing the sufficiency of the evidence to support a conviction, Louisiana appellate courts are controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). See State v. Captville, 448 So.2d 676, 678 (La.1984). That standard dictates that to affirm the conviction the appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that the State proved all elements of the crime beyond a reasonable doubt. State v. Johnson, 03-1228, p. 4 (La.4/14/04), 870 So.2d 995, 998; Captville, 448 So.2d at 678. Further, when the conviction is based on circumstantial evidence, La. R.S. 15:438 sets forth the rule that "assuming every fact to be proved that the evidence tends to prove, in order to convict, [the circumstantial evidence] must exclude every reasonable hypothesis of innocence." However, La. R.S. 15:438 does not establish a stricter standard of review than the more general rational juror's reasonable doubt formula; rather it serves as a helpful evidentiary guide for jurors when evaluating circumstantial evidence. State v. Toups, 01-1875, p. 3 (La.10/15/02), 833 So.2d 910, 912; State v. Chism, 436 So.2d 464, 470 (La.1983).
When evaluating circumstantial evidence, the trier of fact must consider the circumstantial evidence in light of the direct evidence, and vice versa, [and] the trier of fact must decide what reasonable inferences may be drawn from the circumstantial evidence, the manner in which competing inferences should be resolved, reconciled or compromised; and the weight and effect to be given to each permissible inference. From facts found from direct evidence and inferred from circumstantial evidence, the trier of fact should proceed, keeping in mind the relative strength and weakness of each inference and finding, to decide the ultimate question of whether this body of preliminary facts excludes every reasonable hypothesis of innocence.
Chism, 436 So.2d at 469.
Finally, constitutional law does not require the reviewing court to determine whether it believes the witnesses or whether it believes that the evidence establishes guilt beyond a reasonable doubt. State v. Mussall, 523 So.2d 1305, 1309 (La.1988). Rather, the fact finder is given much discretion in determinations of credibility *1223 and evidence, and the reviewing court will only impinge on this discretion to the extent necessary to guarantee the fundamental protection of due process of law. Johnson, 870 So.2d at 998; Toups, 833 So.2d at 912.
Misapplication of payments by a contractor is prohibited under La. R.S. 14:202, which provides, in pertinent part:
A. No person, contractor, subcontractor, or agent of a contractor or subcontractor, who has received money on account of a contract for the construction, erection, or repair of a building, structure, or other improvement, including contracts and mortgages for interim financing, shall knowingly fail to apply the money received as necessary to settle claims for material and labor due for the construction or under the contract.
As stated by the court of appeal, the essential elements of the crime are: (1) the existence of a contract to construct, erect, or repair a building, structure, or other improvement; (2) the receipt of money on the contract; and (3) a knowing failure to apply the money received as necessary to settle claims for material and labor due under the contract.
Here, there is no dispute as to the first two elements the State was required to prove, the existence of the contract and the receipt of the money. Only the third element, a knowing failure to apply the money received to settle claims, was at issue.
The State did not provide direct evidence of the misapplication of the money received under the contract, but did produce circumstantial evidence of the same. Mr. and Mrs. Kirkham testified as to (1) the amount of money, $176,000, paid under the contract; (2) the existence of six liens for unpaid labor and supplies involved in the construction of the chicken houses;[4] (3) the amount that they paid to settle the liens, more than $47,000; and (4) the amount that they had to borrow to complete the project, almost $50,000.
Debbie Spears, bookkeeper for Spears Construction and defendant's wife at the time of the incident, testified (1) that Spears Construction received the $176,000 paid under the contract and deposited the funds into a Spears Construction account; (2) that of the $176,000 received under the contract, only slightly more than $57,000 had been paid for labor and materials for the Kirkham project; (3) that Greg Spears was the supervisor of the job and that his salary would have to be added to the itemized $57,000; and (4) that a certain percentage of overhead would have to be added to the itemized amount.
In short, the testimony showed that defendant received $176,000 and paid out $57,000, a difference of approximately $119,000. While a certain percentage of that $119,000 may be assumed to have gone for supervisor salaries and overhead, the evidence, if believed, is enough to support a finding that more than $10,000 was misapplied. The defendant may hypothesize that more than $109,000 of the funds he received to construct the chicken houses was spent on overhead and/or supervisor salaries during the three months that the project was underway, but that hypothesis is certainly not a reasonable one, and the jury just as certainly cannot be faulted for rejecting it.
Proving misapplication of the funds, however, is not enough. The State was required to prove that the misapplication was made knowingly. Specific intent may be inferred from the circumstances *1224 and actions of the defendant. State v. Graham, 420 So.2d 1126, 1127 (La.1982). Whether a defendant possessed the requisite intent in a criminal case is for the trier-of-fact to determine, and a review of the correctness of this determination is guided by the Jackson v. Virginia standard. State v. Huizar, 414 So.2d 741, 751 (La.1982).
The Kirkhams testified that they attempted to contact the defendant by telephone some forty to fifty times, but that the defendant would not respond. They further instructed their lawyer to send to the defendant a letter stating that if he would simply finish the job, there would be no legal repercussions. The defendant responded by calling the Kirkhams and stating that the letter was "ridiculous."[5] This high-handed attitude, coupled with the fact that up to two-thirds of the funds were misapplied, could have allowed a reasonable jury to infer that the defendant acted knowingly.
Finally, because the State's case against defendant was by and large proved by circumstantial evidence, the evidence must have excluded every reasonable hypothesis of innocence. The State deliberately presented evidence which tended to disprove three possible such hypotheses. First, the Kirkhams testified that they received four other bids for the project, two of which were within $2000 to $3000 of Spears' bid, tending to prove, if believed, that defendant's failure to complete the project was not the result of a bid which was too low. Next, the Kirkhams testified that the only change order to the contract amounted to only $600, tending to prove, if believed, that defendant's failure to complete the project was not the result of excessive change orders. Lastly, the State produced evidence that the last workers on the job had left by late April, that defendant was not arrested until May 19, and, as stated earlier, that the Kirkhams' lawyer had sent defendant a letter requesting that he complete the job, all of which tends to prove, if believed, that defendant's failure to complete the project was not the result of any action by the Kirkhams.
We find that the State's evidence was sufficient to convince a rational jury that all elements of La.R.S. 14:202(A) were proven beyond a reasonable doubt and that all reasonable hypotheses of innocence were excluded.

DECREE
For the foregoing reasons, we reverse the ruling of the court of appeal and remand the case to the court of appeal for consideration of the defendant's remaining assignments of error pretermitted on original appeal.
REVERSED AND REMANDED.
NOTES
[1] The issue of whether Spears Construction Co., Inc., was a valid corporation is not before the Court.
[2] State v. Spears, 39,302 (La.App. 2 Cir. 3/17/05); 896 So.2d 1280.
[3] Writ granted. State v. Spears, XXXX-XXXX (La.12/16/05); 917 So.2d 1085.
[4] The trial judge allowed the liens to be introduced into evidence, but only as evidence that the liens had been filed, and not as proof of the amount owed.
[5] Rec. Vol. VI, pp. 107-8.