WALTER J. ROTHSCHILD, Judge.
 

 | gDefendant, Adouphus Duncan, was charged by bill of information with two counts of armed robbery with a firearm, violations of LSA-R.S. 14:64 and LSA-R.S. 14:64.3. At his arraignment, defendant pled not guilty. The defendant filed an omnibus motion that included a motion to suppress the identification which was denied. After a one-day trial, the 12-mem-ber jury found the defendant guilty as charged on both counts. Defendant filed a motion for new trial which was denied. On the same day, after sentencing delays were waived, the trial court sentenced the defendant to 40 years at hard labor on each count to be concurrently served without benefit of parole, probation, or suspension of sentence. The defendant filed a written motion to reconsider sentence, which the trial court also denied. The defendant now brings this timely appeal.
 

 UFACTS
 

 Ahmad Collins testified that on May 1, 2007 at approximately 4:00 p.m., he and his pregnant wife, Laminda Jefferson, were robbed at the McDonald’s in Gretna located on the West Bank Expressway. Collins testified that he was returning to the parking lot when he heard the defendant approach him from behind. The defendant said, “Give it up.” Jefferson testified that she observed the defendant approach Collins while she was seated in the front passenger seat of her vehicle and looking backwards. Both Collins and Jefferson testified that they saw that the defendant had a black semi-automatic firearm in his hand. According to Collins, the defendant demanded the keys to the vehicle, a red 2006 Dodge Charger. However, the keys were in the vehicle’s ignition. Jefferson testified that Collins told her to get out because they were letting the defendant take the vehicle. According to Jefferson, she felt threatened and intimidated by the defendant.
 

 Collins testified that, after he got his wife out of the vehicle, the defendant told him to empty his pockets and he complied. Collins testified that he had a cell phone and a wallet containing approximately $100 in his pockets. Then, according to both Collins and Jefferson, the defendant told them the direction in which to walk away, and then the defendant left in the vehicle. Collins testified that, even though the de
 
 *413
 
 fendant did not point the gun at him or Jefferson, he was intimidated and feared for his life and that of his family during the armed robbery. According to Jefferson, she and Collins then went into the McDonald’s, called the police, and gave the police a description of the defendant.
 

 Collins and Jefferson described the defendant as a young black male with a medium complexion wearing all black apparel including a baseball cap, a shirt, a bandanna, shoes, and pants. Jefferson testified that the defendant had a slim build. Both Collins and Jefferson testified that there was nothing obstructing their view of |4the defendant’s face. They both testified that the bandanna was around the defendant’s neck, not covering his face. Jefferson testified that the defendant had a mustache and a beard.
 

 Collins testified that he and Jefferson saw the vehicle leave the parking lot. Later, they saw their vehicle pass back on Newton and travel westbound up the expressway. Both Collins and Jefferson testified that they saw two individuals in their vehicle. According to Jefferson, the defendant was one of the individuals in the vehicle. According to Collins, the vehicle was still being chased by the police when an officer arrived at the scene. Approximately two minutes later, they were informed that the car had crashed.
 

 Officer Corey Newby with the City of Gretna testified that he responded to the McDonald’s call. On his way to the scene to meet the victims, Officer Newby testified that a description of the vehicle and the perpetrator were broadcast. Based upon his memory, Officer Newby testified that the vehicle was described as a red Dodge Charger and the perpetrator was described as a black male who robbed the victims at gunpoint. Later while still traveling to the scene of the robbery, Officer Newby was informed that Officer Gegen-heimer had attempted to stop a vehicle that fit the description. According to Officer Newby, the vehicle was being followed because the driver of the vehicle refused to stop and fled at a high rate of speed on the elevated expressway into Marrero.
 

 Upon arriving at the scene of the robbery, Officer Newby testified that he interviewed both victims. Officer Newby testified that Collins informed him that he went into the McDonald’s while his wife remained in the vehicle. Collins informed him that while he was returning to the vehicle, he was approached from the rear by a person he described as a black male of average build with a gun. That person was wearing all black clothing including pants, as well as a baseball cap and sunglasses. According to Officer Newby, Jefferson also provided him with a ^description of the defendant. Officer Newby testified that he called in the description of the perpetrator after he received it. Officer Newby also testified that both victims told him that the Dodge Charger registered to Jefferson was taken.
 

 After calling in the description of the defendant he received from the victims, Officer Newby testified that he learned that the stolen vehicle came to a stop in Marrero after the driver crashed it into some poles. Two people exited but only one of them subsequently was apprehended. Officer Newby testified that he transferred Collins and Jefferson to the scene of the crash for identification purposes. Officer Newby testified that both victims were positive that the apprehended person was not the same one that robbed them. At trial, Collins and Jefferson both testified that the apprehended suspect was not the person who stole the vehicle. Both Collins and Jefferson identified their damaged vehicle at the scene.
 

 Officer Newby testified that the only identifiable fingerprints recovered from
 
 *414
 
 the Charger belonged to Collins. In addition, according to Officer Newby, the surveillance recording from the McDonald’s showed a black male wearing all black and a baseball cap, and the vehicle being driven away. According to Officer Newby, the recording did not show a crime and, therefore, he opined that it was of no evidentia-ry value.
 

 Officer Newby testified that the defendant was developed as a suspect on the same day. He compiled a photographic lineup that included the defendant’s photograph. Later, on the same night, Officer Newby met with Collins and Jefferson to show them the photographic lineup. According to Officer Newby, both Jefferson and Collins individually identified the defendant on separate copies of the same photographic lineup, which they signed. Both Collins and Jefferson told him that they were sure that the person they identified in the photographic lineups, i.e., the defendant, was the person who stole the vehicle. According to [^Officer Newby, the defendant was subsequently taken into custody in August, several months after the incident.
 

 Both Collins and Jefferson testified that they were positive of their identifications of the defendant in the photographic lineup and at trial as the person who robbed them. Collins testified that he had initially focused on the defendant’s face prior to seeing the gun. According to Collins, he only took his eyes off the defendant temporarily when he told Jefferson to get out of the vehicle. Jefferson testified that her eyes were on the defendant during the entire robbery.
 

 DISCUSSION
 

 The defendant first claims that the evidence presented at trial was insufficient to convict him of the charged offenses. He argues that the jury could not have found that the State proved all the elements of the offense beyond a reasonable doubt and, therefore, the trial court erred in denying his motion for a new trial. Specifically, the defendant claims that the State failed to prove the element of identity through the testimony of its witnesses. The defendant asserts that there were many inconsistencies in the testimony of the witnesses, such as the failure of the eyewitnesses to mention the defendant’s mustache. In addition, the defendant claims that there was also no corroborating evidence. Therefore, the defendant asserts that the trial judge erred in denying his motion for new trial and his conviction should be reversed.
 

 The State claims that the jury could have found that the defendant was the person who committed the crime based on both victims’ positive identifications of the defendant in both the photographic lineup and in court. The State notes that both victims got a good unobstructed view of the defendant.
 

 The motion for a new trial is based on the supposition that injustice has been done the defendant, and unless such is shown to have been the case, the motion shall be denied, no matter upon what allegations it is grounded. LSA-C.Cr.P. art. | t851. An appellate court may review the grant or denial of the motion only for an error of law. LSA-C.Cr.P. art. 858. The trial court’s ruling on a motion for a new trial will not be disturbed on appeal absent a clear showing of an abuse of discretion.
 
 State v. Delagardelle,
 
 06-898, p. 6 (La.App. 5 Cir. 4/11/07), 957 So.2d 825, 829,
 
 writ denied,
 
 07-1067 (La.11/21/07), 967 So.2d 1154. The Louisiana Supreme Court and this Court have addressed the constitutional issue of the sufficiency of the evidence when a trial court has denied the defendant’s motion for new trial based on the verdict being contrary to the law and the
 
 *415
 
 evidence.
 
 State v. Delagardelle,
 
 06-898 at 7, 957 So.2d at 829-830.
 

 The standard for review of the sufficiency of the evidence, on appeal, is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The evidence, either direct or circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt.
 
 State v. Delagardelle,
 
 06-898 at 7, 957 So.2d at 830. A trier of fact can accept or reject, in whole or in part, the testimony of any witness.
 
 State v. Delagardelle,
 
 06-898 at 8, 957 So.2d at 830. An appellate court is not required by constitutional law to determine whether it believes the witnesses or that the evidence establishes guilt beyond a reasonable doubt.
 
 Id.
 
 An appellate court does not second-guess the credibility of witnesses as determined by the trier of fact or to reweigh the evidence absent impingement on the fundamental due process of law.
 
 Id.
 
 Rather, the appellate court is required to consider the whole record and determine whether any rational trier of fact would have found guilt beyond a reasonable doubt.
 
 Id.
 

 In order to prove the charged offense of armed robbery with a firearm, the State must prove beyond a reasonable doubt the defendant took “anything of value | ^belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon,” and that “the dangerous weapon used in the commission of the crime of armed robbery is a firearm.” LSA-R.S. 14:64 and LSA-R.S. 14:64.3.
 

 The necessity of the State to prove the identity of the defendant as the perpetrator is encompassed in proving the statutory elements of the offense.
 
 State v. Fuller,
 
 07-319, p. 5, (La.App. 5 Cir. 2/19/08), 980 So.2d 45, 49,
 
 writ denied,
 
 08-0705 (La.10/10/08), 993 So.2d 1282. When the key issue is identity at trial, the State is required to negate any reasonable probability of misidentification in order to carry its burden of proof.
 
 Id.
 

 In the present case on appeal, the defendant does not argue that the State failed to prove the statutory elements of the offense. Rather, the defendant claims that the State failed to prove his identity as the perpetrator.
 

 In
 
 State v. Williams,
 
 04-697 (La.App. 5 Cir. 11/30/04), 889 So.2d 1135,
 
 writ denied,
 
 05-395 (La.5/13/05), 902 So.2d 1017, the defendant claimed the evidence was insufficient to support his conviction of armed robbery because the State failed to prove identity.
 
 State v. Williams,
 
 04-697 at 5, 889 So.2d at 1139. Three eyewitness bank employees testified that they got a good look at the defendant during the robbery. Those three eyewitnesses positively identified the defendant both in a photographic lineup and at trial, in which there were no major discrepancies in their testimonies.
 
 State v. Williams,
 
 04-697 at 6-7, 889 So.2d at 1140. In addition, this Court noted that the failure of the cameras to capture the image of the robber did not, as suggested by the defendant, take away from the strength of the eyewitnesses’ identifications.
 
 State v. Williams,
 
 04-697 at 7, 889 So.2d at 1140. This Court also found that the fact the police found no fingerprints belonging to the defendant was a factual matter to be considered by the jury.
 
 State v. Williams,
 
 04-697 at 8, 889 So.2d at 1141.
 

 lain the present case, both Jefferson and Collins gave similar descriptions of the defendant’s appearance on the date of the incident. In addition, contrary to the de
 
 *416
 
 fendant’s assertion, Jefferson mentioned that the defendant had a mustache. Officer Newby testified that both Jefferson and Collins positively identified the defendant in the photographic lineup on the date of the incident.
 

 Both Jefferson and Collins testified that they got a good look at the defendant. In fact, both Jefferson and Collins testified that they watched the defendant throughout the encounter. Both Jefferson and Collins testified that they were 100% positive of their identifications both in the photographic lineup and at trial. The positive identification of only one witness is sufficient to support a conviction.
 
 State v. Fuller,
 
 07-319 at 6, 980 So.2d at 49.
 

 Collins testified that he focused on the defendant’s face prior to seeing the gun and that during the encounter he only took his eyes off the defendant temporarily when he told Jefferson to get out of the vehicle. Collins testified that he was 100% positive of his identifications of the defendant as the person who robbed him. Jefferson was also 100% positive that the defendant was the man who robbed her at gunpoint.
 

 We find that based upon the eyewitness testimony of the victims provided by the State, the jury could have found beyond a reasonable doubt that the defendant was the perpetrator of the armed robberies and, therefore, committed the charged offenses.
 

 The defendant next claims that that the sentence of 40 years imposed by the trial court is excessive, cruel and unusual punishment because he is a young man, the victims were not threatened or hurt, and the car was recovered. The defendant asserts that the incident, which occurred over approximately 10 minutes, “was not particularly heinous.” Rather, the defendant contends that the offenses for which he was convicted were “minimally heinous crime[s].” In fact, the defendant I ^suggests that the gun was not threatening to the victims because he did not point it directly at them.
 

 The State claims the defendant’s sentence imposed by the trial court is not excessive because the victims changed their lifestyles after the incident and because the trial judge noted the victims’ altered lifestyles as the reason for the sentence imposed. The State notes that the defendant’s sentence is less than half the term of imprisonment that he could have received.
 

 The United States and Louisiana Constitutions both prohibit the imposition of excessive or cruel punishment.
 
 State v. Hartwell,
 
 03-1214, p. 11 (La.App. 5 Cir. 1/27/04), 866 So.2d 899, 906,
 
 writ denied,
 
 04-0448 (La.6/25/04), 876 So.2d 832. Generally, a sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering.
 
 Id.
 
 “A sentence is grossly disproportionate if, it shocks the sense of justice when the crime and punishment are considered in light of the harm done to society.”
 
 Id.
 
 A trial judge is afforded wide discretion in determining the defendant’s sentence.
 
 Id.
 
 The defendant’s sentence imposed within statutory limits will not be set aside absent a showing of manifest abuse of the trial court’s wide discretion.
 
 Id.
 
 The appellate court will not set aside a sentence for excessiveness if the record supports the sentence imposed.
 
 Id;
 
 LSA-C.Cr.P. art. 881.4(D).
 

 The term of imprisonment for the commission of an armed robbery is hard labor for not less than ten years and not more than 99 years, without benefit of parole, probation, or suspension of sentence. LSA-R.S. 14:64(B);
 
 State v. Hartwell,
 
 03-1214 at 11, 866 So.2d at 906;
 
 State v.
 
 
 *417
 

 Price,
 
 04-812, p. 8 (La.App. 5 Cir. 8/1/05), 909 So.2d 612, 617. In the present case, in the bill of information, the State also invoked the firearms sentencing provision of LSA-R.S. 14:64.8. That statute provides for an additional five years of imprisonment at hard labor without benefit of parole, probation, or suspension of sentence to be served consecutively |uto the imposed sentence for the commission of the armed robbery when an offender commits the armed robbery with a firearm. LSA-R.S. 14:64.3(B).
 
 See also, State v. Hartwell,
 
 03-1214 at 11, 866 So.2d at 906 and
 
 State v. Price,
 
 04-812 at 8, 909 So.2d at 617.
 

 In
 
 State v. Hartwell,
 
 the defendant was found guilty of two counts of armed robbery. The defendant was sentenced to 35 years on each count of armed robbery with an additional five years on each count to be consecutively served to the armed robbery sentence for commission of the armed robbery with a firearm.
 
 State v. Hartwell,
 
 03-1214 at 2, 866 So.2d at 901. On appeal, the defendant claimed that his sentences were constitutionally excessive because he was a first offender and the victims were not hurt.
 
 State v. Hartwell,
 
 03-1214 at 11, 866 So.2d at 906. This Court noted that the trial judge considered the defendant’s age of 25 years. This Court also noted that the trial judge found that the defendant actions were horrible and that one of the victim’s testified that she was afraid she would die during the robbery.
 
 State v. Hartwell,
 
 03-1214 at 11-12, 866 So.2d at 906-907. In addition, this Court noted that similar sentences for armed robbery had been upheld citing
 
 State v. Augustine,
 
 555 So.2d 1331, 1332 (La.1990), in which the Louisiana Supreme Court found that a 40-year prison term for an 18-year-old first offender convicted of armed robbery was not constitutionally excessive.
 
 State v. Hartwell,
 
 03-1214 at 12, 866 So.2d at 907. This Court further noted that in
 
 State v. Smith,
 
 01-2574, (La.1/14/03), 839 So.2d 1, the Louisiana Supreme Court stated that sentences of 35 to 50 years were found to be acceptable for first offenders convicted of armed robbery.
 
 State v. Smith,
 
 01-2574 at 7, 829 So.2d at 4. In
 
 State v. Price, supra,
 
 This Court found that the defendant’s sentence was not excessive because of the circumstances surrounding the armed robbery, a serious offense against the person, and because the defendant’s sentence was within the range 11 .¿approved by the Louisiana Supreme Court for first armed robbery offenders.
 
 See also, State v. Price,
 
 04-812 at 9, 909 So.2d at 617.
 

 In the present case, the trial judge noted at sentencing that the victims were afraid during the defendant’s perpetration of the crimes. The trial judge also noted that Jefferson was pregnant at the time of the armed robbery. The trial judge found that the encounter had seriously changed the lives of the victims. Subsequently, at the hearing on the motion for reconsideration of sentence, the trial judge stated that he was familiar with the facts of the case, and that the defendant had received a mid-range sentence within the sentencing guidelines for an armed robbery.
 

 As found by the trial court, both victims while not physically hurt, were afraid for their lives and continue to be affected by the encounter. Collins testified that while the defendant did not point the gun at him or Jefferson, he was intimidated and feared for his life, and that of his family. According to Jefferson, she felt threatened and intimidated by the defendant. In addition, while the defendant notes that the vehicle was recovered, Jefferson testified that it was wrecked. Finally, while the defendant claims that his medium range sentence of 40 years imposed by the trial
 
 *418
 
 court is excessive, cruel and unusual punishment because he is a young man, as in
 
 State v. Hartwell,
 
 the Louisiana Supreme Court stated that sentences of 35 to 50 years were found to be acceptable for first offenders convicted of armed robbery. We find that, as in
 
 State v. Hartwell,
 
 the defendant’s sentence was not excessive because it was within the range approved by the Louisiana Supreme Court for first armed robbery offenders and because of the circumstances surrounding the armed robbery.
 

 ERROR PATENT DISCUSSION
 

 The defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990) regardless of whether defendant makes such a request. The following matters were discovered:
 

 First, the State claims the defendant received an illegally lenient sentence because the trial court did not impose an additional five years to be served consecutively with his 40-year sentence. This Court has previously found that a situation such as this one in which the trial court did not impose an additional penalty enhancement for the use of a firearm creates an indeterminate sentence that constitutes an error patent.
 
 State v. Johnson,
 
 08-1156, p. 16 (La.App. 5 Cir. 4/28/09), 9 So.3d 1084, 1094.
 

 LSA-R.S. 14:64.3 provides for imprisonment for an additional consecutive five years for an offender convicted of the crime of armed robbery when the dangerous weapon used is a firearm.
 
 State v. King,
 
 06-1903, p. 6 (La.10/16/07), 969 So.2d 1228, 1231.
 

 In
 
 State v. Johnson,
 
 08-1156 (La.App. 5 Cir. 4/28/09), 9 So.3d 1084, this Court in its error patent review found that the defendant’s sentences related to his conviction, for armed robbery with a firearm were indeterminate because the trial judge did not impose the mandatory five-year firearm enhancement.
 
 State v. Johnson,
 
 08-1156 at 16, 9 So.3d at 1094. Based upon the mandatory language of the penalty provision, this Court found that the defendant’s sentences were indeterminate and remanded for the case resentencing.
 
 State v. Johnson,
 
 08-1156 at 16-17, 9 So.3d at 1094-1095.
 

 In the present case, the jury was advised, both at the reading of the bill of information and during the jury charges, that the State sought to prove the defendant committed both armed robberies while armed with a gun. At trial, the State presented evidence through the testimony of both Collins and Jefferson that a gun was the only dangerous weapon used in the commission of the armed | jobberies. Thereafter, the jury returned with a verdict of “Guilty of Armed Robbery Using a Firearm” on both counts.
 

 As in
 
 State v. Johnson, supra,
 
 we find that in sentencing the defendant to forty years on each count the trial court imposed an indeterminate sentence because the trial judge did not sentence the defendant to an additional five-year penalty enhancement for the use of a firearm pursuant to LSA-R.S. 14:64.3. Therefore, we affirm the defendant’s conviction, vacate the defendant’s sentence, and remand for re-sentencing according to law.
 
 See, State v. Johnson, supra.
 

 Second, the commitment/minute entry and the sentencing transcript are inconsistent. The commitment reflects that the trial judge properly advised the defendant of the appropriate prescriptive period for filing post-conviction relief, whereas the transcript reflects that the trial judge failed to completely advise de
 
 *419
 
 fendant of the prescriptive period for filing post-conviction relief pursuant to LSA-C.Cr.P. art. 930.8.
 
 See, State v. Price,
 
 04-812 at 9, 909 So.2d at 618. The commitment/minute entry indicates that the defendant was informed that he had “two (2) years after judgment of conviction and sentence has become final to seek post-conviction relief.” However, the sentencing transcript indicates that the defendant received an incomplete advisal of the appropriate period for filing an application for post-conviction relief. At the sentencing hearing, the trial court informed the defendant that he had “two years from the day the Judgment of Conviction becomes final to seek Post-Conviction Relief.”
 
 [1]
 
 The failure of the trial court to advise a defendant that the prescriptive period for seeking post conviction relief runs from the time his conviction and sentence become final renders the advisal incomplete.
 
 State v. Moran,
 
 08-462 at 2, 1 So.3d at 546. Generally, when there is a discrepancy between the minutes and the transcript, the transcript prevails.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983).
 

 | ^Therefore, we remand this case to the district court with an order to inform the defendant of the provisions of LSA-C.Cr.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this Court’s opinion and to file written proof that defendant received the notice in the record.
 
 State v. Price,
 
 04-812 at 9, 909 So.2d at 618.
 

 CONCLUSION
 

 Accordingly, for the reasons assigned herein, the conviction of defendant, Adou-phus Duncan, is affirmed. However, as defendant has received an indeterminate sentence, we hereby vacate defendant’s sentence and remand the case to the trial court for resentencing according to law. Finally, on remand, the trial court is instructed to correctly inform defendant of the prescriptive period for filing post-conviction relief and to file written proof of compliance in the record.
 

 CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.
 

 [1]
 

 .
 
 See, State v. Moran,
 
 08-462, p. 2 (La.App. 5 Cir. 11/12/08), 1 So.3d 545, 546.