SUSAN M. CHEHARDY, Judge.
 

 |2On April 27, 2006, the Jefferson Parish District Attorney’s office filed a bill of information charging defendant, Eugene Caffrey, with possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1. On November 22, 2006, defendant entered a plea of not guilty. Subsequently, defendant filed several pre-trial motions, including a motion to suppress evidence. On February 21, 2008, defendant’s
 
 *201
 
 motion to suppress evidence was denied after a hearing.
 

 On March 25, 2008, defendant proceeded to trial by jury; the twelve-person jury found him guilty as charged. The trial court subsequently sentenced defendant to fifteen years at hard labor, without the benefit of parole, probation, or suspension of sentence. That day, defendant verbally moved for appeal. Subsequently, defendant filed post-trial motions, including a motion for new trial, a motion for reconsideration of sentence, and a motion for appeal. Defendant’s motion for appeal was granted on May 9, 2008. On October 7, 2008, the trial judge denied defendant’s motion for reconsideration of sentence and motion for new trial. This appeal follows.
 

 At trial, the State elicited testimony from three Jefferson Parish Sheriffs officers that were at the scene of the incident in question. Jefferson Parish Deputy 1 ,¡Brent Coussou testified that, in the early afternoon of March 25, 2006, he was assisting at the scene of a homicide in Marrero, when he observed a young African-American man quickly approaching the crime scene in an aggressive manner. According to Deputy Coussou, the man rushed toward the edge of the crime scene. As Deputy Coussou stopped the young man from crossing the crime scene tape, he shouted expletives and threw his hands in the ah'. The man, who was agitated, spun around and walked away from Deputy Coussou. As he retreated, Deputy Cous-sou saw the “bottom butt piece to the magazine” of a semiautomatic handgun protruding from the man’s right jacket pocket.
 

 Deputy Coussou yelled “gun,” drew his weapon, and ordered the man to halt. The man, later identified as defendant, shed his jacket, which dropped to the ground, and ran into the crowd gathered at the murder scene. Deputy Coussou apprehended defendant within six to seven feet of the edge of the crime scene. Meanwhile, another officer, Lieutenant Joshua Wingrove, retrieved the discarded jacket and recovered the firearm from the pocket. The gun was secured and turned over to a crime scene technician, who testified to the chain of custody and identified the gun at trial.
 

 Defendant testified at trial and admitted going to the murder scene. He explained that he lived around the corner from the scene and that the homicide victim was his friend. Defendant denied that he walked up to the crime tape and caused a commotion. He further denied wearing a jacket or having a gun while at the murder scene. Defendant also denied running from the police. He testified he walked away from the scene because he had outstanding traffic attachments. After hearing the testimony and observing the evidence, the twelve-person jury found defendant guilty of possession of a firearm by a convicted felon.
 

 |,!On appeal, defendant raises four assignments of error: first, defendant argues that the jury respectfully did err in finding the Defendant guilty as charged; second, defendant argues that the trial court did respectfully err in the denial of the Motion for New Trial; third, defendant argues that the district court erred in the denial of the Motion to Reconsider Sentence; and, fourth, defendant argues that the sentence in this matter is excessive and unduly harsh.
 

 In his first assignment of error, defendant argues that the evidence was insufficient to prove he possessed a firearm, an essential element of the charged offense.
 
 [1]
 
 
 *202
 
 Defendant maintains that the testimony from the State’s witnesses, which was not independently corroborated, was so inconsistent that a rational trier of fact could not have found the evidence sufficient to support a conviction.
 

 The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The requirement that the evidence be viewed in the light most favorable to the prosecution requires the reviewing court to defer to “ ‘the actual trier of fact’s rational credibility calls, evidence weighing and inference drawing.’ ”
 
 State v. Marcantel,
 
 00-1629 (La.4/3/02), 815 So.2d 50, 56. “The reviewing court is not permitted ‘to decide whether it believes the witness or whether the conviction is contrary to the weight of the evidence.’ ”
 
 Id.
 
 It is not the appellate court’s function to re-evaluate the credibility of witnesses or reweigh the evidence.
 
 Id.; State v. Taylor,
 
 07-474 (La.App.5 5 Cir. 12/27/07), 975 So.2d 10, 14,
 
 writ denied,
 
 08-224 (La.9/19/08), 992 So.2d 949.
 

 The trier of fact can accept or reject, in whole or in part, the testimony of any witness.
 
 State v. Delagardelle,
 
 06-898 (La.App. 5 Cir. 4/11/07), 957 So.2d 825, 830,
 
 writ denied,
 
 07-1067 (La.11/21/07), 967 So.2d 1154. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient to support a requisite factual finding.
 
 State v. Benoit,
 
 07-35 (La.App. 5 Cir. 5/29/07), 960 So.2d 279, 284.
 

 In this case, the twelve-person jury found defendant guilty of violating La. R.S. 14:95.1, which makes it unlawful for a person who has been convicted of certain felonies to possess a firearm for a period of time after the conviction. To sustain a conviction under La. R.S. 14:95.1, the State must prove: (1) possession of a firearm, (2) prior conviction for an enumerated felony, (3) absence of the ten-year statutory limitation period, and (4) the general intent to commit the crime.
 
 State v. Lee,
 
 02-704 (La.App. 5 Cir. 12/30/02), 836 So.2d 589, 593,
 
 writ denied,
 
 03-535 (La.10/17/03), 855 So.2d 755.
 

 Here, defendant stipulated that he had a 2002 felony conviction for possession of cocaine. The State introduced a certified copy of that prior conviction. Thus, the State proved prior conviction of an enumerated felony no more than ten years before this incident.
 

 To prove possession of the firearm, the State offered the testimony of Deputy Coussou. Deputy Coussou testified he saw the butt of a gun protruding from defendant’s jacket pocket. Lieutenant Wingrove testified that he retrieved the defendant’s discarded jacket and found a gun in the pocket, which he secured.
 

 | Jn support of his argument that the evidence proven against him was insufficient to establish possession of a firearm, defendant contends that Deputy Coussou
 
 *203
 
 contradicted himself on whether defendant ran up to the crime scene tape waving his hands in the air or walked up with his hands in his pockets. He further asserts there was conflicting testimony as to which officer secured the gun. He finally maintains that the officers’ inconsistent descriptions of the alleged jacket, which was never produced, supports his contention that the evidence was insufficient to convict him for possession of a firearm.
 

 After reviewing the entire record, we find defendant’s assertions are mischarac-terizations of the testimony presented at trial. Further, if defendant’s assertions were accurate, his claim goes to the weight of the evidence, not the sufficiency. The trier of fact can accept or reject, in whole or in part, the testimony of any witness.
 
 State v. Delagardelle,
 
 957 So.2d at 830. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient to support a requisite factual finding.
 
 State v. Benoit,
 
 960 So.2d at 284. Clearly, in this case, the jury found the officers’ testimony was more credible than the defendant’s testimony. It is not the appellate court’s function to re-evaluate the credibility of witnesses or reweigh the evidence.
 
 State v. Taylor,
 
 975 So.2d at 14. Accordingly, we agree that a rational trier of fact could conclude that the State proved the essential elements of the crime, beyond a reasonable doubt, to convict this defendant of possession of a firearm by a convicted felon.
 
 See, State v. East,
 
 99-1379, pp. 6-7 (La.App. 5 Cir. 7/25/00), 768 So.2d 173, 177,
 
 writ denied,
 
 01-3025 (La.10/25/02), 827 So.2d 1167.
 

 In his second assignment of error, defendant argues that the trial court erred in denying his motion for new trial. He specifically states, “Furthermore, that the |7verdict in this case is contrary to the law the evidence and the testimony. As such the Motion for New Trial should have been granted.”
 

 Restating an assigned error in brief without argument or citation of authority does not constitute briefing. U.R.C.A. 2-12.4;
 
 State v. Lauff,
 
 06-717, p. 9 (La.App. 5 Cir. 2/13/07), 953 So.2d 813, 819;
 
 State v. Fernandez,
 
 03-987, p. 9 (La.App. 5 Cir. 12/30/03), 864 So.2d 764, 770. Furthermore, the denial of a motion for new trial on the basis that the verdict is contrary to the law and evidence presents nothing for review on appeal.
 
 State v. Hampton,
 
 98-331, p. 12 (La.4/23/99), 750 So.2d 867, 880, cert.
 
 denied,
 
 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 390 (1999). Finally, if we were to address the merits of this assignment, we would find no error in the denial of defendant’s motion for new trial, which was filed after sentencing and was, therefore, untimely. La.C.Cr.P. art. 853;
 
 State v. Jones,
 
 05-735, p. 12 (La.App. 5 Cir. 2/27/06), 924 So.2d 1113, 1119-20,
 
 writ denied,
 
 07-151 (La.10/26/07), 966 So.2d 567.
 

 In his third and fourth assignments of error respectively, defendant argues that the district court erred in denying his Motion to Reconsider Sentence and that his sentence is excessive and unduly harsh. In these two assignments of errors, which defendant argues together, defendant contends his fifteen-year sentence, which is the maximum statutory sentence, is excessive. He maintains that he is not the worst type of offender and there is, therefore, no legal justification for the imposition of the maximum sentence. He claims that he only has one prior conviction and no aggravating circumstances.
 

 The State responds that defendant’s sentence is not excessive, but rather is illegally lenient, because the trial court failed to impose the mandatory fine. The State also notes that defendant has a sec
 
 *204
 
 ond conviction for possession of cocaine for an offense be committed
 
 in 2007
 
 while awaiting trial on this charge.
 

 |sThe sentencing range for a defendant found guilty of possession of a firearm by a convicted felon is imprisonment at hard labor for not less than ten nor more than fifteen years, without the benefit of parole, probation or suspension of sentence and a mandatory fine between $1,000 and $5,000. La. R.S. 14:95.1(B). The trial judge imposed the maximum prison sentence of fifteen years at hard labor without
 
 the
 
 benefit of parole, probation or suspension of sentence on defendant. The trial judge did not impose a fine.
 

 At the hearing on defendant’s motion to reconsider sentence, he argued that he was not the worst type of offender and he only had one prior conviction for possession of cocaine. The trial judge denied the motion for reconsideration of sentence because the gun in question was fully loaded, defendant had a “less than cooperative attitude” throughout trial and sentencing, and defendant was “less than remorseful with regard to his actions.”
 

 The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness.
 
 State v. Smith,
 
 01-2574 (La.1/14/03), 839 So.2d 1, 4. A sentence is considei-ed excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering.
 
 Id.
 
 A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice.
 
 State v. Lawson,
 
 04-334 (La.App. 5 Cir. 9/28/04), 885 So.2d 618, 622.
 

 A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside, absent a manifest abuse of discretion. The issue on appeal is whether the trial court abused its discretion, not whether another | sentence might have been more appropriate. St
 
 ate v. Dorsey, 07-67
 
 (La.App. 5 Cir. 5/29/07), 960 So.2d 1127, 1130.
 

 Three factors are considered in reviewing a trial court’s sentencing discretion: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts.
 
 State v. Stewart,
 
 03-920, p. 16 (La.App. 5 Cir. 1/27/04), 866 So.2d 1016, 1027-28,
 
 writ denied,
 
 04-449 (La.6/25/04), 876 So.2d 832. The reviewing court must keep in mind that maximum sentences should only be imposed on the most egregious offenders.
 
 State v. Guajardo,
 
 428 So.2d 468, 473 (La.1983).
 

 In
 
 State v. Warmack,
 
 07-311, p. 8 (La.App. 5 Cir. 11/27/07), 973 So.2d 104, 109, this Court upheld a maximum 15-year sentence for the defendant’s possession of a firearm by a felon conviction. The defendant had three prior convictions for various drug offenses. Additionally, defendant ran from the police and the gun he possessed was fully loaded.
 

 In this case, defendant argues that he had only one prior conviction, which was for possession of cocaine. The record, however, reflects that, on the day that defendant was sentenced for possession of a firearm by a felon, he also pled guilty to two more drug offenses, possession of cocaine and possession of marijuana. Further, the defendant in our case, like the defendant in
 
 Warmack,
 
 showed a disregard for police authority. He rushed into a crowd at a murder scene with a fully-loaded gun. He ran when pursued by the police, which put innocent bystanders in jeopardy. He also admitted to committing two drug possession offenses while he was awaiting trial on the current charge. We cannot say that the trial court abused its
 
 *205
 
 discretion in imposing the maximum sentence for defendant’s conviction.
 

 | mFinally, as is our practice, we have reviewed the record for errors patent, according to La.C.Cr.P. art. 920. The trial judge did not impose the fine of “not less than one thousand dollars nor more than five thousand dollars” mandated by La. R.S. 14:95.1(B). Thus, the trial judge did not impose an excessive sentence, but rather an illegally lenient sentence. Although the State notes the error in its brief on appeal, it neither objected at the time of sentencing nor appealed the error. While this Court has the authority to correct an illegally lenient sentence on its own motion, it is permissive l’ather than mandatory. La.C.Cr.P. art. 882;
 
 State v. Williams,
 
 00-1725 (La.11/28/01), 800 So.2d 790;
 
 State v. Turner,
 
 03-325 (La.App. 5 Cir. 6/19/03), 850 So.2d 811, 819. In this case, we will refrain from taking action on our own motion.
 

 In conclusion, we find no merit in defendant’s assignments of error and no errors patent requiring corrective action. Based on the foregoing, defendant’s conviction and sentence are affirmed.
 

 AFFIRMED.
 

 [1]
 

 . The issue of sufficiency of die evidence is properly raised by a defendant in a motion for post-verdict judgment of acquittal at the close of the State’s case. La.C.Cr.P. art. 821;
 
 State
 
 
 *202
 
 v.
 
 Hooker,
 
 05-251, p. 13 (La.App. 5 Cir. 1/7/06), 921 So.2d 1066, 1074. Although defendant filed a motion for new trial, he did not file a motion for post-verdict judgment of acquittal under La.C.Cr.P. art. 821. There is a procedural distinction between the two motions.
 
 See State v. Robinson,
 
 04-964, p. 4 (La.App. 5 Cir. 2/15/05), 896 So.2d 1115, 1120, n. 3. Nonetheless, both the Louisiana Supreme Court and this Court have addressed the constitutional sufficiency of the evidence where only a motion for new trial was filed.
 
 Id.; State v. Lyles,
 
 03-141 (La.App. 5 Cir. 9/16/03), 858 So.2d 35, 50.