MURPHY, J. 11 Defendant appeals his convictions and sentences .for aggravated rape of a victim under the age of 'thirteen years, sexual battery upon a juvenile under the age of thirteen years, sexual battery upon a juvenile under the age of fifteen years, and oral sexual battery upon a juvenile under the age of fifteen years. For the reasons that follow, defendant’s convictions and sentences are affirmed, and we remand for the correction of errors patent. PROCEDURAL HISTORY A Jefferson Parish Grand Jury returned a true bill of indictment on September 26, 2013, charging defendant, Clifton Raye, with two counts of aggravated rape of a victim under the age of thirteen years,[1] in violation of La. R.S. 14:42 (counts one and two); one count of sexual battery upon a juvenile under the age of thirteen years, in violation of La. R.S. 14:43.1 (count three); one count of sexual battery upon a juvenile under the age of fifteen years, in violation of La. R.S. 14:43.1 (count four); and one count of oral sexual battery upon a juvenile under the age of fifteen years, in violation of La. R.S. 14:43.3 (count five).[2] After pleading not guilty at his arraignment, defendant eventually waived his right to a jury trial and was found guilty on all counts following a bench trial on March 1, 2016. On March 10, 2016, for both count one and count two, the trial court sentenced defendant to life imprisonment at hard labor. The trial court further sentenced defendant on that date to 26 years imprisonment at hard labor on count three, and ten years imprisonment at hard labor on each of counts four and five. All sentences were ordered to run concurrently, and without benefit of probation, parole, or suspension of sentence. [(.Defendant thereafter filed a Uniform Application For Post-Conviction Relief seeking an out of time appeal, which was granted on December 20, 2016. The instant appeal follows. FACTS At trial, the victim, C.R.,[3] testified that when she was eleven or twelve years old, the defendant, her biological father, forced her to begin a sexual relationship with him. More than once a week, when her mother was at work, defendant would bring C.R. into his bedroom, lock the door, and make her perform oral sex on him. C.R. described several incidents at her home where defendant penetrated her vagina with his penis, massaged her breasts, performed oral sex on her, and digitally penetrated her anus. C.R. also testified that, on one occasion, defendant attempted to restrain her with a belt while he attempted to have anal sex with her, but she broke free. C.R. stated that she did not report the abuse because she was scared and did not want to get her father into trouble. C.R. testified that she denied that any abuse had taken place when she was first asked about it by her step-sisters, but later disclosed what had happened to her after her stepsister, S.D., told her about a similar personal experience she had previously with defendant.[4] S.W., C.R.’s step-sister, testified that, in late March or early April of 2013, she lived with C.R., defendant, and her mother in Jefferson Parish. She recalled that, during that time, one afternoon she arrived home and saw C.R.’s school bag, but could not find C.R. S.W. knocked on defendant’s bedroom door, which was locked. S.W. knocked on the door to hand defendant a telephone. A short time later, defendant and C.R. both exited the bedroom.[5] S.W. testified that, in another | ^incident, she woke up in the early morning hours to use the restroom and saw defendant in C.R.’s bed. Because she suspected that something inappropriate may have been happening between defendant and C.R., S.W. called her sister S.D. to discuss her concerns. S.W. and S.D. decided to discuss the suspicions at their grandparents’ home in Lafayette during the upcoming Easter holiday. Several days later, while in Lafayette, C.R. was asked by S.W. and S.D. about the suspected sexual abuse by defendant. C.R. initially denied any abuse, but eventually disclosed to S.W. and S.D. that defendant had performed oral sex on her and that she had performed oral sex on defendant. This information was relayed to C.R.’s mother, E.R., who confronted defendant with the allegations. Defendant denied having any sexual contact with C.R. Tracey Jackson, an investigator for the Department of Children and Family Services (DCFS), testified that she was notified of C.R.’s complaint against defendant on April 9, 2013, and she interviewed C.R. ori April 10, 2013. During the interview, C.R. told Ms. Jackson that defendant had sexually abused her numerous times over the preceding two-year period, specifically that defendant had “fondle[d] her,” “touch[ed] her chest,” “touched her vaginal area” penetrating her with his fingers as well as his penis, penetrated her anus with his fingers, performed oral sex on her, and that she performed oral sex on defendant. Ms. Jackson relayed this information to the Jefferson Parish Sheriffs Office (JPSO) following the interview with- C.R. Detective Ronald Raye, of the JPSO Personal Violence Unit, testified that he went to C.R.’s home[6] and brought her to Children’s Hospital for á physical'examination. Detective Raye prepared defendant’s arrest • warrant after speaking to |4Ms. Jackson, watching C.R.’s interview at the Children’s Advocacy Center and reviewing C.R.’s hospital records. Ann Troy testified that she is a forensic nurse practitioner who works with child victims of sexual abuse at the Audrey Hepburn Care Center in. New Orleans. Ms. Troy recounted that she interviewed C.R. on April 27, 2013, and C,R. recounted a “detailed history of sexual abuse” by defendant over a two-year period that included oral sex, vaginal and anal penetration with his penis, and forcing C.R. to masturbate him. Ms. Troy found C.R.’s statements to be consistent with the way in which children disclose sexual abuse. She further noted that the physical findings from her examination of C.R. were normal. However, Ms. Troy testified that it is not uncommon for a child with a history of vaginal penetration to present with normal physical findings. Ms. Troy further explained that delayed reporting is very common amongst children who have been sexually abused as they tend to blame themselves for what has happened to them. The trial judge was shown the video of an interview between former forensic'interviewer, Erika Dupepe, and C.R., which took place in April of 2013[7] at the Children’s Advocacy Center in Jefferson Parish. During that interview, C.R. described defendant’s sexual abuse of her in detail. C.R. stated that, at age 11, defendant would go to her bedroom while she was sleeping and touch her chest and buttocks. Defendant also touched her “privates” and made her touch his “privates” while her mother was at work or asleep. Beginning at age 12, defendant váginally penetrated C.R. with his penis twice, and digitally penetrated her anus three times. C.R., described one incident when defendant forced her to perform oral sex on him. She was 12 at the time and in seventh grade. Defendant forced C.R. 'to |¿perform ’oral sex on him on more than one occasion. The last incident of sexual abuse took place 'in March of 2013, when defendant forced C.R. to masturbate him and perform oral sex on him. During that particular time, C.R.s sister knocked on the defendant’s bedroom door to give him the phone, and defendant told C.R. to hide in his bathroom. Defendant testified at trial and denied that any sexual contact had taken place between himself and C.R. He further testified that he believed the accusations against him were made out of anger by C.R. and S.W. LAW AND ANALYSIS In his sole assignment of error, defendant argues the evidence was insufficient to support his convictions based only on C.R.’s testimony, during which she did not provide, dates, that the alleged sexual abuse took place. Conversely, the State asserts that the evidence is constitutionally sufficient to-support the verdicts rendered by the jury. - In -reviewing the sufficiency .of the evidence, an appellate court must determine: that the evidence, whether direct or circumstantial, or. a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the -crime have been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Neal, 00-0674 (La. 6/29/01), 796 So.2d 649, 657, cert. denied, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed. 2d 231 (2002). The requirement that the evidence be viewed- in the light most favorable to the prosecution requires the reviewing court to defer to the actual trier of fact’s rational credibility calls, evidence weighing, and inference drawing. State v. Caffrey, 08-717 (La. App. 5 Cir. 5/12/09), 15 So.3d 198, 202, writ denied, 09-1305 (La. 2/5/10), 27 So.3d 297. The reviewing court is not permitted to decide whether it believes a witness or whether the conviction is contrary to the weight of the evidence. Id. RUnder the Jackson standard, a review of a criminal conviction record for sufficiency of the evidence does not require the reviewing court to determine whether the evidence at the trial established guilt beyond a reasonable doubt, but whether, upon review of the whole record, any rational trier of fact , could have found guilt beyond a reasonable doubt. State v. Jones, 08-20 (La. App. 5 Cir. 4/15/08), 985 So.2d 234, 240. In making this determination, it is not the function of the appellate court to re-evaluate the credibility of witnesses or to re-weigh the evidence. 'Caffrey, supra. Rather, the resolution of conflicting testimony rests solely with the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. State v. Bailey, 04-85 (La. App. 5 Cir. 5/26/04), 875 So.2d 949, 955, writ denied, 04-1605 (La. 11/15/04), 887 So.2d 476, cert. denied, 546 U.S. 981, 126 S.Ct. 554, 163 L.Ed.2d 468 (2005). Thus, in' the absence of internal contradiction or irreconcilable conflicts with physical evidence, the testimony of one witness, if believed by the trier of fact, ⅛ sufficient to support a conviction. State v. Dixon, 07-915 (La. App. 5 Cir. 3/11/08), 982 So.2d 146, 153, writ denied, 08-0987 (La. 1/30/09), 999 So.2d 745. In this case, defendant was convicted of two counts of aggravated rape of a victim under the age of thirteen years (one count having involved oral sexual intercourse and the second count having involved penile-vaginal and/or penile-anal sexual intercourse), violations of La. R.S. 14:42(A)(4),[8] one count of sexual battery upon a victim under the age of thirteen years and one count of sexual battery upon a known juvenile under fifteen years of age, violations of La. R.S. 14:43.1,[9] and one count of oral sexual battery upon a known juvenile under fifteen years of age, |7in violation of La. R.S. 14:43.3.[10] At the time of the offenses, La. R.S. 14:42(A)(4) defined aggravated rape as follows: A. Aggravated rape is a rape committed ... where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances: [[Image here]] (4) When the victim is under the age of thirteen years. Lack of knowledge of the victim’s age shall not be a defense. La. R.S. 14:41 defines rape as “the act of anal, oral, or vaginal sexual, intercourse with a male or female person committed without the person’s lawful consent ... Emission is not necessary, and any sexual penetration, when the rape involves vaginal or anal intercourse, however slight, is sufficient to complete the crime.” “Oral sexual intercourse” is further defined as the intentional “touching of the anus or genitals of the victim by the offender using the mouth or tongue of the offender,” or the intentional “touching of the anus or genitals of the offender by the victim using the mouth or tongue of the victim." La. R.S. 14:41(C). Moreover, at the time of the offenses, La. R.S. 14:43,1 provided, in pertinent part: A. Sexual battery is, the intentional touching of the anus or genitals of the victim by’the offender using any instrumentality or any part of the body of the offender, or the touching of the anus or genitals of the.offender by the victim using any instrumentality or any part of the body .of the victim, when any of the following occur: [[Image here]] (2) The act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and- is at least three years younger than the offender. While, at the time of the offenses, La. R.S. 14:43.3 provided, in pertinent part: A. Oral sexual battery is the intentional touching of the anus or genitals of the victim by the- offender using the mouth or tongue of the offender, or the touching of the anus or genitals of the offender by the |svictim using the mouth or tongue of the victim, when any of the following occur: (l)The victim, who is not the spouse of the offender, is under the age of fifteen years and is at least three years younger than the offender. C.R. was sixteen when she testified at trial. Her testimony, as well as the tape of the Children’s Advocacy Center interview which was shown to the trial judge, established that C.R. was between the ages of eleven and twelve at the time of counts one, two, and three, and was thirteen years old at the time of counts four and five. C.R.’s testimony and her Children’s Advocacy Center interview established that defendant' started sexually abusing C.R. when she was eleven, years old, with ■ the last time being in March of 2013, when she was -thirteen years old. C.R.’s testimony and taped Children’s Advocacy Center interview yielded extremely specific details about the types of sexual abuse perpetrated by defendant, as well as their frequency. As recounted above, this evidencé established that defendant began the sexual battery of C.R. at age 11. When C.R. was 12, defendant began forcing her to- have penile/vaginal intercourse with him and he also digitally penetrated her anus. At age 13, defendant made C.R. perform oral sex on him. Defendant argues that the evidence used to convict him of the charged offenses is insufficient because of C.R.’s lack of specificity with regard to the dates of the alleged instances of sexual abuse, and the fact that there was no corroborating evidence, either physical or otherwise, presented at trial. This Court has recognized that in sexual abuse cases that continue over time, exact dates often cannot be supplied. State v. Mazique, 09-845, p. 12 (La. App. 5 Cir. 4/27/10), 40 So.3d 224, 234 n.10, writ denied, 10-1198 (La. 12/17/10), 51 So.3d 19 (citing State v. Bolden, 03-0266 (La. App. 5 Cir. 7/29/03), 852 So.2d 1050). Additionally, the credibility - of a witness, including the victim, is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. State v. Gonzalez, 15-26 (La. App. 5 Cir. 8/25/15), 173 So.3d 1227, 1233, writ denied, 15-1771 (La. 9/23/16), 2016 La. LEXIS 1955. In sex offense cases, the testimony of the victim alone can be sufficient to establish the elements of a sexual offense, even when the State does not introduce medical, scientific or physical evidence to prove the commission of the offense. State v. Hernandez, 14-863 (La. App. 5 Cir. 9/23/15), 177 So.3d 342, 351, writ denied, 15-2111 (La. 12/5/16), 210 So.3d 810. It is the role of the fact-finder to weigh the respective credibility of the witnesses; thus, the appellate court should not second-guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. State v. Alfaro, 13-39 (La. App. 5 Cir 10/30/13), 128 So.3d 515, 525, writ denied, 13-2793 (La. 5/16/14), 139 So.3d 1024. Defendant does not argue there are any internal contradictions in C.R.’s testimony, but rather argues that she should not be believed without any supporting evidence. However, convictions of aggravated rape and other sexual abuse offenses have been upheld by this Court in the absence of medical evidence or other corroborating evidence. See State v. Hernandez, 177 So.3d at 352; State v. Roca, 03-1076 (La. App. 5 Cir. 1/13/04), 866 So.2d 867, writ denied, 04-583 (La. 7/2/04), 877 So.2d 143; Gonzalez, supra. We ñnd C.R.’s testimony, coupled with her statements made im the CAC interview, established each element of the five offenses for which defendant was convicted. Moreover, although defendant testified that he never sexually abused C.R. and suggested that C.R. was lying, having been coerced into making the accusations against him by his step-daughters who were angry with him, the trial judge clearly, chose to believe the testimony of C.R. over defendant’s testimony. It is not this Court’s function to second-guess the credibility determinations of .the trier-of-fact. Alfaro, 13-39, 128 So.3d at 525. This assignment is without merit. I jqERROR patent discussion The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5th Cir. 1990). Our review reveals errors patent in this case which require correction. Defendant’s offenses aré designated as sex offenses by LSA-R.S. 15:541 (24). A review of the record shows that the trial court did not advise defendant of his sex offender registration requirements and his notification requirements. LSA-R.S. 15:542 outlines mandatory registration requirements for those categorized as sex offenders under LSA-R.S.- 15:541. Additionally, LSA-R.S. 15:542.1 sets out notification requirements for those categorized as sex offenders. LSA-R.S. 15:543A requires the trial court to provide written notice to all sex offenders of the aforementioned registration and notification requirements, using the form contained in La. R.S. 15:543.1. A trial court’s failure to provide this notification constitutes an error patent. and warrants a remand for written notification. State v. Lampkin, 12-391 (La. App. 5 Cir. 5/16/13), 119 So.3d 158, 168, writ denied sub nom., State ex rel. Lampkin v. State, 13-2303 (La. 5/23/14), 140 So.3d 717 (citing State v. Pierce, 11-320 (La. App. 5 Cir. 12/29/11), 80 So.3d 1267, 1279-80). Accordingly, we remand this matter to the trial court, for the purpose of providing defendant with the appropriate written notice,of his sex offender notification and registration requirements, using the form contained in La. R.S. 15:543.1. Next, the State of Louisiana Uniform Commitment Order (UCO), incorrectly reflects the dates of defendant’s offenses on counts, one, two, and three as “07/06/2010 and 7/5/2012.” (Emphasis added). However, the record reflects the offense dates, with respect to counts one, two, and three, occurred on or between the dates of July 6, 2010 and July 5, 2012. It has been the practice of this Court to remand a case for correction of the UCO in its error patent review when the UCO |uis inconsistent with the minute entry and transcript. See State v. Long, 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142. Accordingly, we remand this matter for correction of the UCO error regarding the range of offense dates with respect to counts one, two, and. three and further direct the Clerk of Court to transmit the original of the UCO to the officer in charge of the institution to which defendant has been sentenced and the Department of Correction’s legal department. See Id. (citing La. C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-224 (La. 9/15/06), 937 So.2d 846 (per curiam)). ' Finally, the trial court failed to advise defendant of the two-year prescriptive period for applying for Post-Conviction Relief under LSA-C.Cr.P. art. 930.8 at the time of sentencing. Accordingly, we advise defendant by way of this opinion, that no application for post-conviction relief, including applications which seek an out:of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become Anal under the provisions of La. C.Cr.P. arts, 914 or 922. State v. Do, 13-290 (La. App. 5 Cir. 11/19/13), 130 So.3d 377, 394, writ denied, 13-2907 (La. 6/20/14), 141 So.3d 285. DECREE Accordingly, for the reasons provided herein, defendant’s convictions and sentences are affirmed. The matter' is remanded with instruction's. CONVICTIONS AND 'SENTENCES AFFIRMED; REMANDED . Count one was alleged to have involved oral sexual intercourse, and count two was alleged to have involved penile-vaginal and/or penile-anal sexual intercourse. . Counts one, two, and three were alleged to have been committed on or between July 6, 2010 and July 5, 2012, and counts four and five were alleged to have been committed on or between July 6, 2012 and March 26, 2013. The date of birth of the victim as alleged in the indictment and established at trial was July 6, 1999. . Testimony established C.R,'s birthdate as July 6, 1999, and she was 16 at the time of trial. To preserve the confidentiality of the minor victim's identity in this case, the victim, the victim’s family members, and other related witnesses will be referred to by their initials, pursuant to La. R.S. 46:1844(W). . S.D. testified at trial that defendant had sexually abused her. . C.R. testified that during this incident, defendant had forced her to perform oral sex on him. . JPSO Deputy Brent Baldassaro testified that he was the first officer to respond to C.R.’s home after the complaint was made. At that time, Deputy Baldassaro determined that the JPSO Personal Violence Unit needed to be notified. . The exact date of the interview is not clear from the record. Prior to when the tape was shown to the trial judge, Ms. Dupepe testified as to the general procedure of making a recorded interview with a victim at the Children’s Advocacy Center. At the conclusion of the video, Ms, Dupepe testified that the video was an accurate representation of the interview that she conducted with C.R. . It was alleged that these offenses were committed on or between July 6, 2010 and July 5, 2012. . It was alleged that the count of sexual battery upon a victim under the age of thirteen years occurred on or between July 6, 2010 and July 5, 2012, and that the count of sexual battery of a juvenile under fifteen years of age occurred on or between July 6, 2012 and March 26, 2013. .' It was alleged that this offense occurred on or between July 6, 2012 and March 26, 2013.