STATE OF LOUISIANA

VERSUS

CLARENCE MCKINNEY

NO. 20-KA-19

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 19-2015, DIVISION "F"
HONORABLE MICHAEL P. MENTZ, JUDGE PRESIDING


November 04, 2020


**HANS J. LILJEBERG**
**JUDGE**


Panel composed of Judges Jude G. Gravois,
Stephen J. Windhorst, and Hans J. Liljeberg


<u>**AFFIRMED**</u>
    **HJL**
    **JGG**
    **SJW**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Thomas J. Butler
     Anne M. Wallis
     Douglas E. Rushton

COUNSEL FOR DEFENDANT/APPELLANT,
CLARENCE MCKINNEY
     Lieu T. Vo Clark

**LILJEBERG, J.**

Defendant, Clarence McKinney, appeals his conviction and sentence for failure to register as a sex offender in violation of La. R.S. 15:542, *et. seq.* For the following reasons, we affirm defendant's conviction and sentence.

## PROCEDURAL BACKGROUND

On April 12, 2019, the Jefferson Parish District Attorney filed a bill of information charging defendant with failure to appear for his periodic renewal of registration as a sex offender in violation of La. R.S. 15:542.1.1. Defendant was arraigned on April 16, 2019, and pleaded not guilty. On September 17, 2019, the State amended the bill of information to allege that defendant "failed to comply with his obligation as a sex offender." The following day, the State amended the bill of information to change the statutory citation to La. R.S. 15:541, *et. seq.*, and amended the date range of the offense to on or between January 1, 2019 and March 20, 2019. After trial commenced on September 18, 2019, the State verbally amended the bill of information to change the statutory citation back to La. R.S. 15:542, *et. seq.*[1]

At the conclusion of the jury trial on September 18, 2019, the jury returned a unanimous verdict of guilty as charged. On September 20, 2019, defendant filed a motion for new trial arguing that the verdict was contrary to the law and evidence because the evidence was insufficient to prove defendant was residing in Louisiana for the requisite period of time to require him to comply with sex offender

---

[1] Defendant did not object to any of the amendments made prior to or after trial commenced. The failure to re-arraign a defendant on an amended charge is waived if the defendant enters the trial without objecting to the omission. *State v. Besse*, 11-230 (La. App. 5 Cir. 12/28/11), 83 So.3d 257, 268, *writ denied*, 12-292 (La. 5/25/12), 90 So.3d 409. The State explained that the final amendment after trial commenced was required to correct a clerical error because the clerk's office could not process a charge citing La. R.S. 15:541, et. seq., in its system. La. R.S. 15:541 merely provides definitions for the terms contained in subsequent provisions governing registration requirements for sex offenders. Therefore, the final amendment did not alter the substance of the charge against defendant. La. C.Cr.P. art. 487 provides that an indictment shall not be invalid or insufficient because of any defect of form. It further states that the court may cause an indictment to be amended at any time with respect to defect of form.

registration requirements. On September 25, 2019, the State filed a multiple offender bill of information alleging defendant to be a fourth-felony offender.

On September 30, 2019, the trial court denied defendant's motion for new trial. On this same date, after a waiver of sentencing delays, the trial court sentenced defendant to ten years at hard labor without the benefit of parole, probation, or suspension of sentence. That same day, the State filed an amended multiple offender bill of information alleging defendant to be a second-felony offender. Defendant stipulated to the multiple bill. The trial court then vacated defendant's original sentence and resentenced him pursuant to La. R.S. 15:529.1 to fifteen years at hard labor, without benefit of parole, probation, or suspension of sentence.

On October 1, 2019, defendant filed a motion for appeal which the trial court granted on October 3, 2019. Defendant now appeals challenging the sufficiency of the evidence to support his conviction and the denial of his motion for new trial on the same grounds.

## FACTS

Defendant was convicted on March 15, 2005, of sexual assault of a child in the 416th Judicial District Court of Collin County, Texas. At trial, Sergeant Patrick Smith of the Jefferson Parish Sheriff's Office testified that he was responsible for the sex offender registry. He explained that due to his conviction in Texas, defendant was a "tier three" offender, which required a lifetime registration while defendant resided in Louisiana. Sergeant Smith confirmed that defendant registered as a sex offender with the Jefferson Parish Sheriff's Office on May 7, 2015. The registration form listed defendant's address as 147 Louisiana Street in Westwego, Louisiana. Sergeant Smith provided defendant with a form explaining Louisiana laws regarding sex offender registration and notification requirements. Defendant initialed each page and signed at the end of the form.

In October 2017, defendant moved to California and registered as a sex offender in that jurisdiction on October 31, 2017.[2]  In March 2018, defendant was arrested in Jefferson Parish on a narcotics charge.  Officer Austin Lowe with the Harahan Police Department testified that he was previously employed by the Jefferson Parish Sheriff's Office and worked "intake booking" at the Jefferson Parish Correctional Center.  He explained that an arrestee who is a sex offender is required to fill out a form acknowledging sex offender registration and notification requirements.  The form signed by defendant on March 21, 2018, notified him of requirements to register with the Jefferson Parish Sheriff's Office within three days of his release from the Jefferson Parish Correctional Center.  The form listed 147 Louisiana Street in Westwego as defendant's address.  Officer Lowe testified that typically he obtains the address from the arrestee, and if he cannot provide one, he uses the last address provided on the arrestee's rap sheet.  Officer Lowe could not recall whether defendant provided the address listed on the form.

Sergeant Smith testified that following defendant's release from jail several months later on July 24, 2018, defendant completed a change of address form with the Jefferson Parish Sheriff's Office.  Defendant listed his new address as 2726 Donner Trail in Modesto, California.  Defendant was informed that he had three days to check in with the Stanislaus County Sheriff's Office.

When the Jefferson Parish Sheriff's Office could not confirm that defendant checked in with the agency in California, they began efforts to locate defendant in August 2018.  Sergeant Smith testified that he first called the number defendant provided on the form he signed on March 21, 2018, after his arrest.  An unknown female answered the phone and Sergeant Smith asked to speak with defendant.

---

[2] The form that defendant signed to register in California contained a notice regarding registration requirements.  The form specifically provided, "I must re-register in person, if I have previously registered, within five (5) working days, after release from incarceration, placement, or commitment that lasted 30 or more days . . . ."  Defendant initialed next to this provision.

The field notes indicate that the female told Sergeant Smith he had the wrong number. Defendant called a short time later and Sergeant Smith informed defendant that he was required to register and check in with his office or the agency in California. Defendant explained that he was registered in California, but was currently in Texas. Sergeant Smith told defendant that he needed to register and check in with the law enforcement agency where he was currently located.

Sergeant Smith testified that he then requested that a unit go to 147 Louisiana Street; however, they could not locate defendant. Sergeant Smith also did a search of the national sex offender registry and testified that according to the registry, defendant had not registered in any other jurisdiction. As a result, an arrest warrant was issued for defendant on August 14, 2018.

Sergeant Smith testified that in July 2019, he received the documents defendant completed when he registered with the Stanislaus County Sheriff's Department in October 31, 2017. He testified that the paperwork indicated that defendant's registration lasted for a year. However, the notice also required defendant to re-register in California within 5 working days of his release from jail, as he was incarcerated in the Jefferson Parish Correctional Center for more than 30 days between March and July 2018. Sergeant Smith did not receive any information that defendant complied with this requirement when he was released from the Jefferson Parish Correctional Center in July 2018.

Defendant's next contact with the Jefferson Parish Sheriff's Office occurred on March 20, 2019, after he was arrested as part of a narcotics investigation. Detective Keith Branchcomb with the Jefferson Parish Sheriff's Office Narcotics Division testified that in March 2019, he participated in a narcotics investigation at 444 Westwood Drive in Marrero, Louisiana. According to Detective Branchcomb, defendant was observed leaving this address in a dark-colored Tahoe on March 19, 2020. The next day, defendant exited the residence at this address and conducted

what appeared to be a hand-to-hand transaction with another individual. After narcotics were found in his vehicle, defendant was arrested and read his rights at the scene.

Detective Branchcomb testified that prior to his arrest, defendant called for his father who was inside of the residence. Defendant's father cooperated in the investigation and provided written consent for officers to search the residence. Defendant refused to provide written consent because he did not live at the residence. At the investigation bureau, defendant listed "147 Louisiana Ave." as his address on the rights of arrestee form. After his arrest, it was discovered that a warrant was previously issued for defendant's failure to register as a sex offender.

Defendant's father, Clarence McKinney, Sr., testified that defendant stayed at 444 Westwood "every now and then" and defendant's "clothes and stuff" were in a bedroom defendant used at his home. Mr. McKinney testified that defendant stayed with him from "time to time" from the beginning of 2019 until defendant's arrest in March 2019. He further explained that during that time, defendant stayed at multiple locations in the area, including the homes of defendant's grandmother and brother in Jefferson Parish, as well as at his girlfriend's home. Mr. McKinney testified that defendant previously lived in California with a girlfriend for "about a month." After he returned from California, defendant stayed with his grandmother. Then, eventually, defendant moved his clothes and belonging to his father's house, prior to his arrest in March 2019. However, Mr. McKinney explained that he did not know how long defendant stayed there because "he's in and out, in and out." He testified that defendant did not commute back to California between January and March 2019.

Defendant's grandmother, Mildred McKinney, testified that she lives at 147 Louisiana Street in Westwego. Though she admitted she had issues with her memory, she recalled that defendant went to California after he was released from

prison the prior year. She further testified that he stayed with her for a period of time after he returned from California, and then went to stay with his father or girlfriend.

## DISCUSSION

On appeal, defendant argues that the evidence is insufficient to support his conviction for failure to register as a sex offender in Louisiana because the State failed to prove he established a residence in Louisiana. For the same reasons, he also argues that the trial court erred in denying his motion for new trial.[3]

Defendant argues that the evidence is insufficient under the *Jackson*[4] standard to support his conviction for failure to register as a sex offender as the circumstantial evidence does not exclude the reasonable hypothesis that defendant was not residing in Louisiana, and therefore, he would not be subject to the state's registration requirements. He contends the evidence at trial failed to prove that he established residency in Louisiana after moving to California and registering as a sex offender. Defendant maintains that the witnesses' testimony only established that he sporadically stayed in Louisiana, but did not negate that he was merely visiting. Further, defendant notes that the testimony did not provide "exact times of his visits or their duration."

The State responds that the evidence at trial was sufficient to support a conviction as a sex offender's duty to register begins once the offender begins to reside in Louisiana. Further, the State argues that the testimony demonstrates that from January 2019 through March 2019, defendant regularly resided at either his father's, grandmother's, or brother's residence in Jefferson Parish.

---

[3] When the entirety of the evidence is insufficient, defendant is entitled to acquittal as opposed to a new trial. *State v. Hearold*, 603 So.2d 731, 734 (La. 1992). Questions of sufficiency of evidence should, therefore, be raised in the trial court by a motion for post-verdict judgment of acquittal. La. C.Cr.P. art. 821; *State v. Hooker,* 05-251 (La. App. 5 Cir. 1/17/06), 921 So.2d 1066, 1074.

[4] *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Neal*, 00-674 (La. 6/29/01), 796 So.2d 649, 657, *cert. denied*, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002).

In reviewing the sufficiency of evidence, an appellate court must determine that the evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Neal*, 00-674 (La. 6/29/01), 796 So.2d 649, 657, *cert. denied*, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002).

This directive that the evidence be viewed in the light most favorable to the prosecution requires the reviewing court to defer to the actual trier of fact's rational credibility calls, evidence weighing, and inference drawing. *State v. Caffrey*, 08-717 (La. App. 5 Cir. 5/12/09), 15 So.3d 198, 202, *writ denied*, 09-1305 (La. 2/5/10), 27 So.3d 297. This deference to the fact-finder does not permit a reviewing court to decide whether it believes a witness or whether the conviction is contrary to the weight of the evidence. *Id.* Indeed, a reviewing court errs by substituting its appreciation of the evidence and the credibility of witnesses for that of the fact-finder and overturning a verdict on the basis of an exculpatory hypothesis of innocence presented to, and rationally rejected by, the jury. *State v. Calloway*, 07-2306 (La. 1/21/09), 1 So.3d 417, 418. As a result, under the *Jackson* standard, a review of the record for sufficiency of the evidence does not require the reviewing court to determine whether the evidence at the trial established guilt beyond a reasonable doubt, but whether, upon review of the whole record, any rational trier of fact would have found guilt beyond a reasonable doubt. *State v. Jones*, 08-20 (La. App. 5 Cir. 4/15/08), 985 So.2d 234, 240.

In making this determination, a reviewing court will not re-evaluate the credibility of witnesses or re-weigh the evidence. *Caffrey*, *supra*. Indeed, the resolution of conflicting testimony rests solely with the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. *State v. Bailey*,

04-85 (La. App. 5 Cir. 5/26/04), 875 So.2d 949, 955, *writ denied*, 04-1605 (La. 11/15/04), 887 So.2d 476, *cert. denied*, 546 U.S. 981, 126 S.Ct. 554, 163 L.Ed.2d 468 (2005). Thus, in the absence of internal contradiction or irreconcilable conflicts with physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient to support a conviction. *State v. Dixon*, 07-915 (La. App. 5 Cir. 3/11/08), 982 So.2d 146, 153, *writ denied*, 08-987 (La. 1/30/09), 999 So.2d 745.

In this matter, defendant was convicted of failure to register as a sex offender in violation of La. R.S. 15:542. In order to prove the defendant guilty of violating La. R.S. 15:542, the State must prove that the defendant pleaded guilty or was convicted of a sex offense, that he resided in Louisiana for the period during which he was required to register, and that he failed to register within the requisite time allotted for registration. La. R.S. 15:542(C)(2); *State v. Flores*, 14-642 (La. App. 5 Cir. 12/23/14), 167 So.3d 801, 806.

Defendant argues that he was not a resident of Louisiana between January 1, 2019 and March 20, 2019, and he was not required to register as a sex offender in Jefferson Parish. La. R.S. 15:542 requires a sex offender to register with the appropriate law enforcement agency within three days of establishing residence in Louisiana:

> A. The following persons shall be required to register and provide notification as a sex offender or child predator in accordance with the provisions of this Chapter:
>
> (1) **Any adult residing in this state who has pled guilty to, has been convicted of**, or where adjudication has been deferred or withheld for the perpetration or attempted perpetration of, or any conspiracy to commit either of the following:
>
> (a) A sex offense as defined in R.S. 15:541, with the exception of those convicted of felony carnal knowledge of a juvenile as provided in Subsection F of this Section.
>
> (b) A criminal offense against a victim who is a minor as defined in R.S. 15:541.

(h) **An offense under the laws of another state, or military, territorial, foreign, tribal, or federal law which is equivalent to the offenses listed in Subparagraphs (a) through (g) of this Paragraph.**

B. (1) The persons listed in Subsection A of this Section **shall register in person with the sheriff of the parish of the person's residence, or residences,** if there is more than one, and with the chief of police if the address of any of the person's residences is located in an incorporated area which has a police department. If the offender resides in a municipality with a population in excess of three hundred thousand persons, he shall register in person with the police department of his municipality of residence.

***

C. (1) The offender shall register and provide all of the following information to the appropriate law enforcement agencies listed in Subsection B of this Section in accordance with the time periods provided for in this Subsection:

***

(2) Unless an earlier time period is specified in the provisions of Paragraph (1) of this Subsection, **every offender required to register in accordance with this Section shall appear in person and provide the information required by Paragraph (1) of this Subsection to the appropriate law enforcement agencies within three business days of establishing residence in Louisiana.**

La. R.S. 15:542 (emphasis added).

La. R.S. 15:541(22) provides the definition of residence:

[A] dwelling where an offender regularly resides, regardless of the number of days or nights spent there. For those offenders who lack a fixed abode or dwelling, "residence" shall include the area or place where the offender habitually lives, including but not limited to a rural area with no address or a shelter.

The language of La. R.S. 15:542(C)(1) instructs an offender convicted of a sex offense to register in person with the sheriff of the parish of the defendant's residence or residences.  La. R.S. 15:542(B)(2)(1) provides that an offender must appear in person and provide the information required by the statute within three business days of establishing residence in Louisiana.  The Louisiana Supreme Court held in *State v. Clark*, 12-1296 (La. 5/7/13) 117 So.3d 1246, 1251-52, that

the duty of registration for an out-of-state sex offender begins once he establishes residency in this state. *See also Panora v. Landry*, 18-1725 (La. App. 1 Cir. 9/27/19) 286 So.3d. 1049, 1052, *writ denied*, 19-1885 (La. 1/22/20), 291 So.3d 1046 (where the first circuit held that the plaintiff was required to register as a sex offender upon moving back to Louisiana).

In the instant matter, defendant argues that the evidence was insufficient to support his failure to register as a sex offender conviction because he was not residing in Louisiana. However, the State presented evidence sufficient to prove that defendant resided in Louisiana between January 1, 2019 and March 20, 2019, subjecting him to the state's registration requirements. Following a narcotics investigation, defendant was arrested on March 20, 2019, at his father's home in Jefferson Parish and listed his address as his grandmother's residence in Jefferson Parish on the rights of arrestee form. Defendant's father explained that prior to defendant's arrest, but after defendant returned from California, he stayed with his grandmother. Mr. McKinney testified that defendant previously lived in California with a girlfriend for "about a month." Defendant's father further testified that defendant stayed with him from "time to time" from the beginning of 2019 until defendant's arrest in March 2019, and also stayed with defendant's brother in Jefferson Parish. He testified that defendant's "clothes and stuff" were at his residence and that defendant had a bedroom there. Mr. McKinney explained that defendant brought his clothes "a little bit at a time" before he was arrested and later stated that defendant moved his belongings to his home sometime "this year." He testified that defendant did not commute back to California between January and March 2019.

Defendant's grandmother, Mildred McKinney, testified that she lives at 147 Louisiana Street in Westwego. Though she admitted she had issues with her memory, she recalled that defendant went to California after he was released from

prison the prior year. She further testified that he stayed with her for a period of time after he returned from California, and then went to stay with his father or girlfriend.

In light of the foregoing, we find that defendant established residence in Jefferson Parish between January 1, 2019 and March 20, 2019. Notably, both of the witnesses provided that defendant moved to California for about "a month" before returning to Louisiana. After his return, defendant resided at several different places in Jefferson Parish and listed his address as a location in Jefferson Parish when he was arrested on March 20, 2019.

La. R.S. 15:542(C)(2)(1) provides that an offender must appear in person and provide the listed information required by the statute within three business days of establishing residence in Louisiana. Based on the foregoing, we find that a rational trier of fact could have found that the evidence was sufficient under the *Jackson* standard to support defendant's conviction.[5]

## ERRORS PATENT DISCUSSION

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990). After thorough review of the record, we find no error requiring corrective action.

## DECREE

For the foregoing reasons, we affirm defendant's conviction and sentence.

**AFFIRMED**

---

[5] The trial court's ruling on a motion for a new trial will not be disturbed on appeal absent a clear showing of an abuse of discretion. *Delagardelle*, *supra*. Because the evidence was sufficient to support defendant's conviction, the trial court did not abuse its discretion in denying defendant's motion for new trial.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 4, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-KA-19

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE MICHAEL P. MENTZ (DISTRICT JUDGE)
ANNE M. WALLIS (APPELLEE)        THOMAS J. BUTLER (APPELLEE)        LIEU T. VO CLARK (APPELLANT)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
DOUGLAS E. RUSHTON (APPELLEE)
ASSISTANT DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053